[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFF'S APPLICATION FOR A TEMPORARY INJUNCTION
The plaintiff herein seeks to enjoin the defendants from terminating his employment with the defendant Greater Hartford OB-GYN group, P.C. (GHOB-GYN) under an agreement dated July 17, 1992, and in any way hindering or obstructing him in that employment.
The factual situation in relevant part concerns the continued employment of the plaintiff by the defendant professional corporation, GHOB-GYN.
The defendant, GHOB-GYN, is a professional corporation employing the plaintiff and the defendants Abrahan Lichtmacher and Mario Cohen. All three are medical doctors providing obstetrical and gynecological services through the corporation. Each has an employment contract with GHOB-GYN that is essentially the same. Each was also a one-third owner of the stock of the corporation. Each of the employment contracts provided for the termination of employment without cause upon ninety days written notice by the corporation to the employee-physician. In addition, each of the three physicians as owners of stock of the corporation participate in a stock purchase agreement with the corporation. This agreement was designed to compensate a physician who left the employment of the corporation.
Early in 1993 the plaintiff desired to withdraw from providing the obstetrics portion of the employment. He would continue in the gynecological portion of the employment. A modification of both the employment and contract, and of a stock purchase agreement was entered into as set out in a letter dated May 4, 1993 from GHOB-GYN's accountant, John Schnidman. This letter set out the new financial terms under which the plaintiff would participate as an employee and stockholder of the corporation.
The plaintiff proceeded to work under the new contract. Disagreements arose between him on the one hand, and the two other physicians on the other. The situation among the doctors deteriorated to the extent that the plaintiff instituted this legal action including the subject application for a temporary injunction.
The plaintiff in his application for a temporary injunction contends that he will suffer irreparable harm if the injunction is not issued. He points out that he will be 64 CT Page 5858 years old in a few weeks, that he has devoted his medical career to this practice. To require him to leave the employment now would destroy that career. He would not be able to obtain other employment because of his age; that a practice limited to gynecology is doubly difficult in which to find employment. For him to attempt to start up a practice by himself at his age is practically impossible because of the expenses involved, the time required to obtain patients, as well as the probability that women of child-bearing age tend to seek out younger doctors.
The defendants argue that the services performed by the plaintiff are personal services and injunctive relief does not generally lie for enforcement of personal services. Further, that in the present instance there is an adequate remedy at law.
The defendants also contend that the plaintiff is not likely to succeed on the merits of his claim that his employment should not be terminated. That there is no claims by the plaintiff that the termination is in any way inappropriate. Rather, the claim is that the defendants breached the May 1993 agreement which concerns the financial aspects of the plaintiff's obstetrics practice and reimbursement of insurance refunds and other fees. That, plaintiff makes no claim that the notice of termination was inadequate or inappropriate under the employment contract.
As to irreparable harm or lack of an adequate remedy at law, the defendants argue that the plaintiff shows no proof of this. That plaintiff's contention that he could not enter into an individual practice now relates to the difficulties of starting a practice not that he would be harmed in an irreparable way. For if an injury could be compensated in damages it is not irreparable.
The court after hearing the parties and the evidence presented, reviewing the arguments and briefs of the parties; find,
That the plaintiff has not presented evidence sufficient to show that he will be irreparably harmed by the termination of his employment contract. There may be issues as to the extent of any injury that may result to him, but these do not amount to irreparable injuries for which damages are inadequate. CT Page 5859
Therefore, the Plaintiff's Application for a Temporary Injunction is denied.
JULIUS J. KREMSKI STATE TRIAL REFEREE